UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LARRY R. VALOROZO, | ) | CASE NO. 4:08 CV0103 |
| | ) | |
| Plaintiff, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) |  AND ORDER |
| SUPERINTENDENT, BOP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On January 14, 2008, pro se plaintiff Larry R. Valorozo filed the above-captioned action against the Superintendent for the Federal Bureau of Prisons (BOP) and Chief Counsel for the Bureau of Immigration Customs Enforcement (BICE). Mr. Valorozo, who is incarcerated at the Northeast Ohio Correctional Center (N.E.O.C.C.) in Youngstown, Ohio, asserts this court's jurisdiction pursuant to 42 U.S.C.§ 1983 and 28 U.S.C. § 1331. It is plaintiff's contention that the defendants are discriminating against his "right to life, liberty and property by unlawful actions." (Compl at 1.) He seeks the removal of a detainer placed on him by BICE, immediate release, moral and compensatory damages in the amount of $500,000.00, as well as $1,000,000.00 in punitive damages from each defendant.

*Background*

Mr. Valorozo asserts he was "erroneously" transferred from the Metropolitan

Detention Center in Brooklyn, New York on May 14, 2007 to the N.E.O.C.C.  Prior to his transfer, United States District Court Judge John Gleeson allegedly recommended plaintiff's placement in a prison in Fort Dix, New Jersey,

> so his lawyers who are located in the States of New York will continue to represent the Petitioner's interest of defending his equal rights such as his immigration case which jurisdiction is under the Executive Office for Immigration Review (EOIR) in 26 Federal Plaza, New York, New York since his Immigration Detainer was originally issued in the State of New York and petitioner's residence, relatives and lawyers are all located in the State of New York and as such due process of his right to counsel should be accorded well if herein petitioner was incarcerated in Fort Dix, New Jersey or in the Correctional Center located in Elizabeth, New Jersey.

(Pet. at 2.) He maintains that the decision to transfer him to Ohio, in spite of these circumstances, is a violation of his rights under the Equal Protection Clause.   Citing BOP Program Statement § 5100.3, he claims the BOP encourages a prisoner's placement near family to encourage better family relations. Relying on the Eighth Circuit's opinion in Anderson v. Smith, 697 F.2d 239 (8th Cir. 1983), Mr. Valorozo claims he is entitled to expect the BOP to follow its own policies. Moreover, he maintains that the Supreme Court in Wolf v. McDonnel, 418 U.S. 539 (1974) held that administrative regulations should have the same force and effect as law.

Since his placement in N.E.O.C.C., Mr. Valorozo complains that his wife has only visited once because it is too far for her to travel from Staten Island, New York. This, he asserts, is a deprivation of his right to "property, liberty, and life."

*Analysis*

Plaintiff further argues that his release from BOP custody to BICE in February 2008 would be unconstitutional based on three factors. These factors essentially include: (1) notice of

2

removal based on his commission of an aggravated felony is "factually and legally" incorrect; (2) any attempt to deport him to his country of origin, the Philippines, is improper because he pleaded guilty and "was entitled to the First-time offender treatment under Federal law" (Pet. at 4); (3) he is not deportable based on the commission of an aggravated felony; (4) he was not convicted of an aggravated felony because his "first time offense [was] undertaken solely to assist close family members [and] did not constitute aggravated felony under INA § 101(a)(43)(P), 8 U.S.C. § 1101(a)(43)(P)"(Pet. at 4); (5) he is not deportable because he was granted an Employment Authorization Document "which proves that he was given full authorization to stay in the United States" (Pet. at 5); (6) deporting him would be the equivalent of depriving him of his right to associate with his family members in the United States, as authorized by Santosky v. Kramer, 455 U.S. 745 (1982); and, (7) his arrest on December 6, 2005 by BICE agents was unconstitutional because they failed to advise him of his Miranda rights or allow him to contact his lawyer.

*Civil Rights Claims*

The court construes this action as a Bivens claim because Mr. Valorozo alleges that he was deprived of a rights secured by the federal constitution by persons acting under color of federal law. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 397 (1971). The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires state and federal prisoners bringing actions concerning prison conditions to exhaust all available administrative remedies before suing in federal court. The United States Supreme Court ruled in 2002 that exhaustion of administrative remedies is required for all prisoner suits. See Porter v. Nussle, 534 U.S. 516, 524(2002).  Although the Court overturned the Sixth Circuit's total exhaustion rule and its requirement that prisoner's specifically plead exhaustion in their complaints, Jones v.

3

Bock, 549 U.S. 199 (2007), the PLRA's exhaustion requirement remains in effect. This requires a prisoner to exhaust "such administrative remedies as are available" before suing over prison conditions. 42 U.S.C. § 1997e(a), see Booth v. Churner, 532 U.S. 731, 731 (2001).

The Sixth Court has interpreted the PLRA's exhaustion requirement to be satisfied if a plaintiff files a grievance granting the prison "fair notice" of the claim and appeals the denial of the grievance to the highest possible level.  Burton v. Jones, 321 F.3d 569, 575 (6th Cir.2003); see also Thomas v. Woolum, 337 F.3d 720, 727, 733 (6th Cir.2003).  For any issue the plaintiff intends to raise, he must demonstrate exhaustion, or his attempts at exhaustion, before he can be considered to have substantially complied with the law. See Wyatt v. Leonard, 193 F.3d 876 (6th Cir.1999). Unless the record demonstrates that the requirements of § 1997e(a) have been met, a district court is required to dismiss an action without prejudice. Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir.), cert. denied, 119 S.Ct. 88 (1998). The burden is on the plaintiff to demonstrate exhaustion of his administrative remedies prior to filing the lawsuit. Id.

Mr. Valorozo has failed to satisfy his burden. Nowhere in his complaint does he allege even an attempt to exhaust his administrative remedies. There is no suggestion that he followed the proper administrative steps to bring his constitutional claims to the attention of the BOP before filing his Bivens action in this court. Hinton v. Parsons, No. 03-3365, 2003 WL 22089539 at *1 (6th Cir. 2003)(Federal prisoners raise grievances through the BOP's Administrative Remedy Program, 28 C.F.R. § 542.10, et seq.)

*Immediate Release*

One remedy Mr. Valorozo seeks is immediate release. To that end, he not only attacks the constitutionality of his arrest, but castigates the government's alleged failure to establish

the "necessary element of his intent to defraud." (Pet. at 5.) This alleged failure is, in part, the basis for his belief that the government failed to prove he was convicted of an aggravated felony. This is an attack on his underlying conviction. Claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255. See Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979). Thus, this matter is not properly raised in a civil rights action. Moreover, this court lacks jurisdiction to address the legality of his detention and will not construe his pleading as a motion to vacate pursuant to 28 U.S.C. § 2255.[1]

*Deportabiltiy*

Mr. Valorozo explains that he is in the process of "adjusting his status to Immigrant Status based on the Relative Petitioner filed by his wife who is a United States Citizen. As an Immediate Relative and Spouse of a U.S. Citizen, he is allowed to live and work in the United States indefinitely in obeyance of the law." (Pet. at 6.) At the time he filed this action, plaintiff was not in the custody of the BICE awaiting a deportation hearing as a result of any immigration action. Rather Mr. Valorozo was incarcerated on a federal conviction unrelated to his alien status. Section 1252(a) of Title 8 provides, in pertinent part:

---

[1] In In re Shelton, 295 F.3d 620, 622 (6th Cir.2002) (citing Adams v. United States, 155 F.3d 582, 584 (2nd Cir.1998)), the Sixth Circuit held that, with regard to pro se litigants in particular, '[D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.' Unless such a warning is provided, a re-characterized § 2255 motion must not be counted against the prisoner for purposes of the bar on successive motions.

> Pending a determination of deportability in the case of any alien as provided in subsection (b) of this section, such alien may, upon warrant of the Attorney General, be arrested and taken into custody.... Any court of competent jurisdiction shall have authority to review or revise any determination of the Attorney General concerning detention, release on bond, or parole pending final decision of deportability upon a conclusive showing in habeas corpus proceedings that the Attorney General is not proceeding with such reasonable dispatch as may be warranted by the particular facts and circumstances in the case of any alien to determine deportability.

8 U.S.C. § 1252(a). Until Mr. Valorozo is in the custody of immigration officials, "pending a final decision of deportability," this court lacks jurisdiction to address an challenge to his deportability status. Prieto v. Gluch, 913 F.2d 1159,1162 (1990)(no habeas jurisdiction over petitioners' claims against the INS when petitioner not in the custody of the INS).

Based on the foregoing, Mr. Valorozo's Bivens's claims are dismissed without prejudice pursuant to 42 U.S.C. § 1997e(a). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

s/Peter C. Economus - 5/1/08

PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE